I concur in the majority's decision to reverse and remand this matter to the trial court for the second time. I write separately only to clarify my reasons for doing so.
Unlike the majority, I do not find the trial court's fact finding, upon remand, appellant caused the deterioration of the duplexes, to be inconsistent with the trial court's original findings. I believe this finding is an additional, but not necessarily inconsistent, finding and within the purview of our remand.
However, I find the deterioration of the duplexes for failure to invest sufficient marital assets to bring them into compliance with the city codes is not "financial misconduct" on the part of one spouse to the exclusion of the other. Absent unusual circumstances, the appreciation or depreciation of marital assets is generally born by both parties to a marriage. I do not find the deterioration of the duplexes, in and of itself, sufficient cause to find appellant committed financial misconduct.
I agree with the majority the trial court's fact finding, upon remand, appellant dissipated approximately $80,000 of marital assets on his drug addiction is inconsistent with the previous findings it had adopted. Though the trial court was free to make its additional finding regarding appellant's drug addiction (which finding would justify a finding of financial misconduct) given its previous finding no evidence was offered to establish the amount of marital funds dissipated,[1] any amount it would attribute to such misconduct is necessarily arbitrary.
 --------------------------- JUDGE WILLIAM B. HOFFMAN
[1] Appellee did not cross-appeal this finding in the first appeal.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division of Stark County, Ohio, is reversed and remanded for proceedings consistent with this opinion.
-------------------------
-------------------------
 ------------------------- JUDGES